HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMI HUNTING, an individual,

        Plaintiff,

   v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a foreign insurance company,

        Defendant.

CASE NO. 3:19-cv-05783-RBL

ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

DKT. # 10

## INTRODUCTION

THIS MATTER is before the Court on Defendant American Family Mutual Insurance Company's Motion for Partial Summary Judgment. Dkt. # 10. After terminating the tenancy at her Puyallup property, Plaintiff Jami Hunting alleges that the outgoing tenants damaged and vandalized the property to a degree beyond normal wear and tear. When she presented her claim to American Family, Hunting claims that they unreasonably investigated and valued her claim. American Family now moves to dismiss Hunting's breach of contract claim based on her failure to file within the policy's 2-year suit limitations period, which ended on or around May 3, 2019. Hunting concedes that she sued after the policy's limitations period had ended but argues that

American Family should be equitably estopped from asserting this defense based on its actions. After considering these arguments, the Court DENIES American Family's Motion.

## BACKGROUND

After deciding to rent out her Puyallup property in 2014, Hunting obtained a commercial rental insurance policy from American Family. Hunting Dec., Dkt. # 16, at 1. Hunting began leasing the property to a family but terminated the lease in April 2017. *Id.* at 2. Upon inspecting the property on May 3, 2017, Hunting discovered what she considered to be substantial damage that amounted to vandalism, likely in retribution for terminating the lease. *Id.*

Hunting submitted a claim to American Family but was disappointed when the company viewed most of the damage as uncovered. *Id.*; *see also* Initial Claim, Dkt. # 18, Ex. 1; Estimate, Dkt. # 18, Ex. 4.[1] Hunting continued attempting to negotiate. *Id.* On July 28, 2017, Hunting claims she spoke with an American Family agent named Ellysa Funk, who informed her there was "no statute of limitations on a claim" and no "timeframe before a claim closes." *Id.*

Finding little success on her own, Hunting retained public adjuster Casualty Loss Consultants, Inc. (CLC) in November 2018 to assist with her negotiations. Hunting Dec. at 3. After it was retained, CLC sent a fax to American Family announcing its representation of Hunting and requesting that all future communications be sent to CLC's office. Dkt. # 18, Ex. 5. On January 3, 2019, American Family sent CLC a letter stating the following:

---

[1] Hunting argues that American Family's evidence is not properly authenticated and therefore inadmissible. But with its Reply, American Family re-submitted its evidence attached to a declaration by Erik Boe, a Commercial Farm/Ranch Claim Field Adjuster for American Family. Dkt. # 18. The Court is satisfied that Boe has sufficient personal knowledge to authenticate these documents.

> We are advising you of the following language within your client's insurance policy:
>
> E.  Property Loss Conditions
> 4.  **Legal Action Against Us** No one may bring a legal action against us under this insurance unless:
>     a.  There has been full compliance with all of the terms of this insurance; and
>     b.  The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

Dkt. # 18, Ex. 6.

On January 24, 2019, CLC contacted American Family reiterating Hunting's position and notifying American Family that CLC would submit a claim with proof of loss within the next few days. Dkt. # 18, Ex. 7. This was ultimately provided to American Family and supported damage in the amount of $98,470.32. Hunting Dec. at 3. CLC's January letter also requested that American Family provide a "timely position regarding coverage of this entire matter" so that Hunting could proceed with legal action if necessary. Dkt. # 18, Ex. 7.

American Family responded on February 6 by re-explaining its reasons for not providing payment. Dkt. # 18, Ex. 8. The letter closed by requesting that CLC arrange a reinspection. *Id*. However, this reinspection was fruitless and on March 5 American Family re-stated its previous position that the damage from vandalism totaled just $1,879.94, which was below Hunting's $2,500.00 deductible. Dkt. # 18, Ex. 9. American Family's letter concluded by stating that the company "continues to reserve any and all rights and defenses which now exist or may arise in the future" and that "[n]o waiver of estoppel of any kind is intended nor may be inferred." *Id*.

Despite the position expressed in this letter, CLC President Jack Thomas states that, "through spring of 2019, [he] continued to approach [American Family] with adjusting the Hunting claim further, including a letter dated May 1, 2019." Thomas Dec., Dkt. # 15, at 2. After sending this letter, Thomas continued communicating with an American Family adjuster through June 2019 and was informed that another reinspection and reassessment would occur if Hunting could supply a more accurate loss date. *Id*. Thomas conveyed Hunting's statement that 90% of

the damage occurred in the weeks before the tenants moved out, and the adjuster informed Thomas that he would "speak with management and recommend that the company cover the entire loss." *Id*. at 3. This adjuster fell out of contact with Thomas thereafter and apparently did not obtain coverage for Hunting's loss. *Id*. Hunting initiated this lawsuit on July 26, 2019. Dkt. # 1-2.

## DISCUSSION

**1.    Summary Judgment Standard**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must *view all evidence in the light most favorable to the nonmoving party* and draw all reasonable inferences in that party's favor. *Anderson Liberty Lobby, Inc*., 477 U.S. 242, 248-50 (1986) (emphasis added); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52.

**2.    Equitable Estoppel**

Washington law allows an insurance company to limit the period within which an action under the policy may be brought to something less than the statutory six-year period. *Graingrowers Warehouse Co. v. Cent. Nat. Ins. Co. of Omaha, Neb.*, 711 F. Supp. 1040, 1043 (E.D. Wash. 1989) (citing *Hefner v. Great American Ins. Co.*, 126 Wash. 390, 218 P. 206 (1923); *Ashburn v. Safeco Ins. Co. of America*, 42 Wash. App. 692, 695 (1986)). Here, the policy's suit

limitations period is "2 years after the date on which the direct physical loss or damage occurred." Dkt. # 18, Ex. 10. Hunting does not deny that this provision would normally be enforceable and the period in her case ended on or around May 3, 2019. Hunting sued about two months after that, which would be grounds for dismissing her breach of contract claim.

However, Hunting does contend that American Family is equitably estopped from asserting this defense. "The elements of equitable estoppel are: (1) an act that is inconsistent with a later claim; (2) another party's reasonable reliance on the act; and (3) injury to the other party that would result if the first party is permitted to repudiate the earlier act." *Taylor v. Allstate Ins. Grp.*, No. 2:15-CV-00030-SAB, 2015 WL 2083453, at *3 (E.D. Wash. May 5, 2015) (citing *Dombrosky v. Farmer Ins. Co. of Wash.*, 84 Wash. App. 245, 256 (1996)). "In general, the estoppel analysis involves issues of fact." *Chong v. Safeco Ins. Co. of Am.*, No. C05-0974RSM, 2006 WL 1169788, at *5 (W.D. Wash. Apr. 27, 2006) (citing *Litz v. Pierce Cty.*, 44 Wash. App. 674, 683 (1986)).

Courts in Washington have held that an insurer was estopped from asserting a contractual limitations period defense where the insured continued to negotiate with the insured and failed to conclusively decide the claim. In *Chong v. Safeco Insurance Co. of America*, for example, the court explained that the insured was getting "mixed signals" because the insurer's communications stated that it was continuing to investigate and had not denied the claim but also reserved all its rights under the policy. 2006 WL 1169788, at *5. Many of these communications came after the policy limitations period had run, and the court determined that the insured was "justified in believing that defendant would continue to investigate their claim, and continue to work towards settlement, without requiring them to file suit." *Id.* at *5-6.

In *Dickson v. U.S. Fidelity & Guaranty Co.*, the insurer delayed in reaching a final decision on the claim until after the policy's limitations period had run. 77 Wash. 2d 785, 788 (1970). Because of the insurer's representations that its rejection of the claim was not final, the court concluded that the insured was justified in holding out in hopes of a settlement and not filing suit. *Id.*; *see also David v. Oakland Home Ins. Co.*, 11 Wash. 181, 185 (1895) ("So long as the insured was thus given the right to suppose that the question of adjustment was an open one, he had the right to assume that the condition of the policy as to the time for the commencement of an action thereon had been waived by the company.").

Here, Hunting argues that the Court should hold that American Family is estopped based on Ellysa Funk's statement that there was "no statute of limitations on a claim" and American Family's continued negotiations with CLC past the end of the limitations period. Alternatively, Hunting asks the Court to defer deciding American Family's Motion under Rule 56(d) until Hunting has had time to complete discovery into the company's claim file and depose its employees. American Family argues that equitable estoppel does not apply because it never waived its policy's suit limitations period, which CLC was notified of in January 2019. American Family also points out that it never denied Hunting's claim and contests the relevance of any supposed statement by Funk.

The Court is not persuaded that, even if Funk made the statement that Hunting claims, it would make any difference for estoppel. Hunting states that Funk told her there was no limitations on filing a claim in July of 2017, but American Family contacted CLC in January 2019 explicitly informing them about the policy's suit limitation period. Perhaps Hunting could have reasonably relied on Funk's statement before, but she could not have after January 2019.

However, CLC President Thomas's assertion that he continued negotiating with an American Family adjuster into June 2019 supports estoppel. According to Thomas, American Family gave the impression that Hunting could recover for the full extent of damage to her property but then simply fell out of contact. If this is accurate, Hunting would be justified in believing that settlement was imminent and she was not required to file suit within the limitations period. American Family argues that its January 2019 letter alerting CLC of the limitations period adequately put Hunting on notice and rules out estoppel. But CLC and Hunting's knowledge of the limitations provision is not incompatible with a reasonable belief that the provision would not take effect while negotiations were ongoing. Indeed, there is no evidence of American Family reserving its rights or bringing up the suit limitations period after March 5, much less May 3.[2]

American Family does contend that its March 5 letter "essentially resolved" Hunting's claim. Reply, Dkt. # 17, at 4. But the letter itself does not purport to be a final decision or rule out the possibility of continued negotiations. There may be other post-March 5 communications to this effect, but American Family does not present them here. There are therefore genuine issues of material fact regarding whether American Family is equitably estopped from asserting its policy's suit limitations period.

---

[2] American Family also tries to rely on its compliance with WAC 284-30-380, which provides that "Insurers must not continue negotiations for settlement of a claim directly with a claimant who is neither an attorney nor represented by an attorney until the claimant's rights may be affected by a statute of limitations or a policy or contract time limit, without giving the claimant written notice that the time limit may be expiring and may affect the claimant's rights. This notice must be given to first party claimants thirty days and to third party claimants sixty days before the date on which any time limit may expire." But while WAC 284-30-380 can support a claim under the Washington Consumer Protection Act, it says nothing about equitable estoppel. *See Hayden v. Mut. of Enumclaw Ins. Co.*, 141 Wash. 2d 55, 63 (2000). American Family does not explain how its compliance with WAC 284-30-380 somehow preclude equitable estoppel.

## CONCLUSION

American Family's Motion for Partial Summary Judgment is DENIED.

IT IS SO ORDERED.

Dated this 29th day of April, 2020.

                                                Ronald B. Leighton
                                                United States District Judge