HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMI HUNTING, an individual,<br><br>                    Plaintiff,<br><br>    v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a foreign insurance company,<br><br>                    Defendant. | CASE NO. 3:19-cv-05783-RBL<br><br>ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION<br><br>DKT. # 20 |

THIS MATTER is before the Court on Defendant American Family Mutual Insurance Company's Motion for Reconsideration, which ask the Court to revisit its April 29 Order denying partial summary judgment. Dkt. # 20. In that Order, the Court determined that there were issues of fact regarding whether American Family is equitably estopped from asserting the suit limitations period in the policy issued to Jami Hunting. Dkt. # 19.

Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the

record." Black's Law Dictionary 622 (9th ed. 2009). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Neither the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple. A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through — rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005).

Here, American Family's position boils down to mere disagreement with the prior order. American Family insists, as it did previously, that its compliance with WAC 284-30-380(5) somehow precludes equitable estoppel and that Hunting could not have reasonably relied on any alleged ongoing negotiations with American Family.

First, American Family's reliance on WAC 284-30-380(5) continues to be misplaced. The purpose of that chapter is to "define certain *minimum* standards which, if violated with such

1  frequency as to indicate a general business practice, will be deemed to constitute unfair claims

2  settlement practices." WAC 284-30-300 (emphasis added). The regulations themselves nor any

3  case law presented by American Family mention a relationship between WAC 284-30-380(5)

4  and the application of equitable estoppel. Compliance with WAC 284-30-380(5) therefore does

5  not preclude equitable estoppel.

6       Second, American Family's argument that Hunting could not have reasonably relied on

7  any ongoing negotiations with American Family past the May 3 filing deadline ignores the

8  content of Jack Thomas's declaration. Thomas, a public adjuster and president of Casualty Loss

9  Consultants, Inc., negotiated Hunting's claim with American Family on her behalf. In his

10 declaration, Thomas states:

11     Through the spring of 2019, I continued to approach Defendant with adjusting the
       Hunting claim further, including a letter dated May 1, 2019. After the May 1,
12     2019 letter, I had several conversations with the American Family adjuster. These
       conversations occurred in late May and June 2019. During these conversations,
13     the adjuster told me that he would reinspect the loss again and that the damage by
       the tenants would be more fully considered if a more accurate loss date could be
14     determined. I spoke with Ms. Hunting after that and was informed by her that
       90% of the vandalism damage occurred during the few weeks between when she
15     gave them a lease termination notice and they moved out. The damage was
       retaliation for the lease termination. In late May or early June, the American
16     Family adjuster told me that he would speak with management and recommend
       that the company cover the entire loss. After that conversation, the adjuster failed
17     to call me back and never returned my calls to him.

18 Dkt. # 15 at 2-3. While American family may be correct that this declaration is "self-serving,"

19 the Court disagrees that it is "immaterial." Motion, Dkt. # 20, at 6. According to Thomas,

20 American Family continued to negotiate the claim and was even amenable to altering its position

21 and covering the damage past the May 3 deadline. Thomas's testimony could allow a reasonable

22 juror to find that Hunting was "justified in believing that [American Family] would continue to

23 investigate [her] claim, and continue to work towards settlement, without requiring [her] to file

24

1 | suit." *Chong v. Safeco Ins. Co. of Am.*, No. C05-0974RSM, 2006 WL 1169788, at *5-6 (W.D.
2 | Wash. Apr. 27, 2006).
3 |       The Court did not commit clear error and American Family's Motion for Reconsideration
4 | is DENIED.
5 |       IT IS SO ORDERED.
7 |       Dated this 11th day of May, 2020.

                                          Ronald B. Leighton
                                          United States District Judge